[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APRIL 15, 2009
THOMAS K. KAHN
CLERK

_____

No. 08-13168
Non-Argument Calendar

_____

D. C. Docket No. 07-00482-CR-2-JHH-TMP

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

GREGORY EUGENE COLEMAN, II,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Alabama

_____

(April 15, 2009)

Before CARNES, FAY and ANDERSON, Circuit Judges.

PER CURIAM:

Gregory Eugene Coleman appeals his 58-month sentence for possessing

firearms and ammunition as a convicted felon, in violation of 18 U.S.C. § 922(g)(1). Coleman was sentenced to 58 months despite having a Sentencing Guidelines range of 37 to 46 months. Coleman argues that his sentence was unreasonable because the district court failed to adequately consider his personal history and circumstances and ignored the 18 U.S.C. § 3553(a) factors because his sentence, which was to run consecutively to another case, was greater than necessary.

When a sentence is imposed as a result of a § 3553(a) variance, we review it for reasonableness. United States v. Valnor, 451 F.3d 744, 749-50 (11th Cir. 2006). The party challenging that sentence bears the burden of establishing that the sentence is unreasonable. United States v. Talley, 431 F.3d 784, 788 (11th Cir. 2005). We review for reasonableness under a deferential abuse-of-discretion standard, meaning that we "must first ensure that the district court committed no significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence - including an explanation for any deviation from the Guidelines range." Gall v. United States, 552 U.S. ___, 128 S. Ct. 586, 597 (2007); see also United States v. Livesay, 525 F.3d 1081, 1093 (11th

2

Cir. 2008) (holding that the district court committed procedural error by failing to provide an indication of what facts it relied on to make a significant variance from the advisory Guidelines range).

If the district court made no procedural errors, we will next consider the substantive reasonableness of the sentence imposed by inquiring whether the sentence is supported by the § 3553(a) factors, taking into account the totality of the circumstances, including the extent of any variance from the Guidelines range. Gall, 552 U.S. at ___, 128 S. Ct at 597, 600; see also United States v. Pugh, 515 F.3d 1179, 1190 (11th Cir. 2008). In this review, we "must give due deference to the district court's decision that the § 3553(a) factors, on a whole, justify the extent of the variance." Pugh, 515 F.3d at 1190 (quoting Gall, 552 U.S. at ___, 128 S. Ct. at 597). A sentence may be unreasonable when the district court failed to consider the § 3553(a) factors, unjustifiably relied on any one § 3553(a) factor, selected the sentence arbitrarily, or based the sentence on impermissible factors. Pugh, 515 F.3d at 1191-92. However, "while the application of these analyses may suggest an unreasonable sentence, they do not necessarily make a sentence unreasonable," because reasonableness depends on the "totality of the circumstances." Id. at 1192.

If the district court decides that a sentence outside of the Guidelines range is warranted, it is required to state its reasons for such a variance to allow for

meaningful appellate review. Gall, 552 U.S. at ___, 128 S. Ct. at 597; see also 18 U.S.C. § 3553(c) (stating that a district court "at the time of sentencing, shall state in open court the reasons for its imposition of the particular sentence"). The appropriateness of the brevity or length of the statement depends on the circumstances of the case. Rita v. United States, 551 U.S. ___, 127 S. Ct. 2456, 2468 (2007). While a district court need not state on the record that it has explicitly considered each factor and need not discuss each factor, United States v. Scott, 426 F.3d 1324, 1329 (11th Cir. 2005), it should demonstrate that it considered the parties' arguments and has a reasoned basis for its decision. Rita, 551 U.S. at ___, 127 S. Ct. at 2468; United States v. Agbai, 497 F.3d 1226, 1230 (11th Cir. 2007).

The § 3553(a) factors include: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (3) the need for deterrence; (4) the need to protect the public; (5) the need to provide the defendant with needed educational or vocational training or medical care; (6) the kinds of sentences available; (7) the Sentencing Guidelines range; (8) pertinent policy statements of the Sentencing Commission; (9) the need to avoid unwanted sentencing disparities; and (10) the need to provide

4

restitution to victims. 18 U.S.C. § 3553(a). Moreover, under federal statute, a district court normally has the discretion to order that a sentence imposed run consecutively to any prior, unexpired sentence, provided that the court do so after a consideration of the § 3553(a) factors. See 18 U.S.C. § 3584(a), (b). Lastly, when considering whether a defendant's sentence is reasonable, we have considered the fact that the sentence imposed falls considerably below the statutory maximum. See, e.g., Valnor, 451 F.3d at 751-52.

Upon review of the record, and upon consideration of the briefs, we discern no reversible error as to this issue. Here, Coleman has not demonstrated that his 58-month sentence is procedurally or substantively unreasonable. The district court made no procedural error in calculating his offense level or criminal history. The district court treated the Guidelines as advisory, gave both parties an opportunity to object to the PSI, considered the factors in 18 U.S.C. § 3553(a), and appropriately weighed those factors in sentencing Coleman to 58 months in prison. Specifically, regardless of the fact that Coleman was still serving a sentence on another criminal case, the district court did not abuse its discretion in determining that a 58-month sentence to run consecutively to another sentence was necessary to protect the public and to promote respect for the law, given Coleman's history and circumstances.

The district court gave the upward variance from the advisory Guidelines after properly considering the § 3553(a) factors. The district court noted that Coleman's criminal history was much more troubling than the Category V Criminal History that he was assigned because Coleman had several arrests that did not lead to convictions, and he had 11 convictions in four states over a 15-year period. Furthermore, the district court noted Coleman had not spent significant time in prison and needed to experience appropriate punishment for his level of lawlessness. Additionally, Coleman's 58-month sentence is significantly lower than the statutory maximum of 120 months. See 18 U.S.C. § 924(a)(2) (providing that the statutory maximum for Coleman's offense is 10 years).

The district court did not commit any procedural errors, and Coleman did not demonstrate that his sentence was substantively unreasonable. Accordingly, we affirm.

**AFFIRMED**.